T.C. Memo. 2001-216

UNITED STATES TAX COURT

GUADALUPE MARES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11339-99.                    Filed August 13, 2001.

Guadalupe Mares, pro se.

Marilyn S. Ames, for respondent.

MEMORANDUM OPINION

CARLUZZO, Special Trial Judge:  Respondent determined a deficiency of $4,296 in petitioner's 1996 Federal income tax.

The issues for decision are:  (1) Whether petitioner is entitled to claim dependency exemption deductions for her siblings and her mother; (2) whether petitioner qualifies as a head of household; and (3) whether petitioner is entitled to an

earned income credit.

Background

Some of the facts have been stipulated and are so found. At the time that the petition was filed, petitioner resided in Channelview, Texas.

Throughout 1996, petitioner lived with her three siblings and her parents in her parents' house (the house). Petitioner's father made the monthly mortgage payments ($413), but petitioner paid some or all of the utilities (on average, approximately $250 to $300 per month).

Petitioner was employed during 1996. Her wages for that year totaled $11,945. Also during that year, she received a $1,400 Federal income tax refund. Petitioner's father was not employed during 1996; he received Social Security benefits of $4,918. Petitioner's mother earned an undisclosed amount of income from babysitting during 1996; otherwise, she was unemployed during that year and received $3,787 in public assistance in the form of food stamps on behalf of herself and her children (other than petitioner).

All of petitioner's siblings were students during 1996. Petitioner purchased clothing and school supplies for each of them. Petitioner also purchased food and other household products consumed or used by her family.

Petitioner's 1996 Federal income tax return was prepared by H&R Block. The income reported on the return consists entirely of the wages petitioner earned. Petitioner claimed dependency exemption deductions for three siblings and her mother. The relationship of two of petitioner's siblings is described as "fosterchild" on the return. Petitioner computed her 1996 taxable income and Federal income tax liability taking into account the standard deduction applicable to a head of household. She claimed an earned income credit computed by treating two of her siblings (the ones identified as her foster children) as qualifying children.

In the notice of deficiency, respondent: (1) Disallowed the dependency exemption deductions for petitioner's siblings and mother; (2) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly; and (3) disallowed the earned income credit.

Discussion

1. Dependency Exemption Deductions

Petitioner claimed dependency exemption deductions for three of her siblings and her mother on her 1996 return. Generally, a taxpayer is entitled to an exemption deduction for each dependent. Sec. 151(c).[1] The term "dependent" includes a

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for 1996.

taxpayer's parents and siblings "over half of whose support, for the calendar year * * * was received from the taxpayer". Sec. 152(a)(3)and (4). "The term 'support' includes food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

During 1996, petitioner generously contributed towards the support of the household of which she was a member. She paid some of the utilities, bought food, and purchased clothing for her family members. Nevertheless, taking into account the modest amount of her income, the amount of the Federal income tax refund she received in 1996, the amount of the mortgage payments made by her father, and the amount of public assistance petitioner's mother received on behalf of herself and her children, we are not convinced from petitioner's generalized testimony that she contributed over one-half of the support for any of the individuals to whom the dependency exemption deductions here in dispute relate. Consequently, petitioner is not entitled to a dependency exemption deduction for any of her siblings or her mother, and respondent's determinations in this regard are sustained.

## 2. Filing Status

Petitioner filed her 1996 return as a head of household. Under the circumstances, because petitioner is not entitled to a dependency exemption deduction for any of her siblings or her

mother, she does not qualify as a head of household. Sec. 2(b)(1)(A)(ii). Respondent's determination changing her filing status from head of household to single is sustained.

### 3. Earned Income Credit

Subject to various conditions and limitations, an eligible individual is entitled to an earned income credit. Sec. 32(a). Petitioner was an eligible individual within the meaning of the applicable statute. Sec. 32(c)(1)(A)(i) and (ii). Nevertheless, because of the amount of her income, she is not entitled to an earned income credit for 1996 unless at least one of her siblings was a qualifying child with respect to her for that year. Sec. 32(b).

On her 1996 return, petitioner claimed an earned income credit computed by treating two of her siblings as qualifying children. Among other requirements, to be treated as a qualifying child of a taxpayer, the child must be: (1) A son or daughter of the taxpayer; (2) a descendant of a son or daughter of the taxpayer; (3) a stepson or stepdaughter of the taxpayer; or (4) an eligible foster child of the taxpayer. Sec. 32(c)(3)(B)(i). Petitioner's siblings obviously are not her children, descendants of her children, or her stepchildren. Furthermore, they are not her eligible foster children. Although she generously contributed towards their support, she does not

claim to have cared for them as her own children.[2]  Sec. 32(c)(3)(B)(iii).  Respondent's determination that petitioner is not entitled to an earned income credit for 1996 is sustained.

Based on the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.

---

[2] When asked at trial, petitioner could not explain why two of her siblings were identified as her foster children on her 1996 return.  According to petitioner, her return preparer, apparently aware of the earned income credit implications, advised her to do so.